UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STAES OF AMERICA, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | No. 1:16-cv-00903-LJM-DML |
| ) | |
| DONALD WAYNE BUSH, and ) | |
| KIMBERLY ANN BUSH, ) | |
| ) | |
| Appellees. ) | |

**ORDER ON BANKRUPTCY APPEAL**

This bankruptcy appeal is narrow. The issue before the Court is whether Bankruptcy Judge Carr appropriately found that tax penalties[1] Debtors/Appellees Donald and Kimberly Bush (collectively, "Debtors" or "Appellees") may owe for the tax years 2009, 2010 and 2011. For the reasons stated herein, the opinion of the Bankruptcy Court is **AFFIRMED**.

**I. THE BANKRUPTCY COURT'S DECISION**

Judge Carr addressed the issue as follows:

> The Court and the parties refer to the issue to be decided herein – the dischargeability of tax penalties Debtors may owe for tax years 2009, 2010 and 2011 – as the "*Cassidy* issue." In *Cassidy v. C.I.R.*, 814 F.2d 477, 481 (7th Cir. 1987) ("*Cassidy I*"), the Seventh Circuit Court of Appeals wrote:
>
>> Moreover, subsection 523(a)(7)(A) mandates that fraud penalties are nondischargeable if the underlying tax with respect to which the penalty was imposed is also nondischargeable. S. Rep. No. 989 at 79, U.S. Code Cong. &

---

[1] In the Bankruptcy Court, the Internal Revenue Service and the Debtors contested whether the penalties were fraud or negligence penalties. The Bankruptcy Court noted, however, that the language of § 523(a)(7) is "tax penalty" with no distinction between fraud or negligence penalties.

> Admin. News 1976, p. 5864. Because the taxpayer's deficiencies are nondischargeable, his tax penalties are similarly nondischargeable.

[Footnote omitted.] Arguably, if *Cassidy I* is binding precedent, then the IRS might prevail
because Debtors have conceded that their taxes owed for tax years 2009, 2010 and 2011 are nondischargeable and that there is no dispute as to the amounts of such taxes.

However, the binding nature of the ruling in *Cassidy I* was "disclaimed" by the Seventh Circuit in *Matter of Cassidy*, 892 F.2d 637, 640 (7th Cir. 1990) ("*Cassidy II*"). In *Cassidy II,* the court wrote:

> If this action is barred by the earlier litigation, it must be on the strength of this Court's opinion in *Cassidy I.* But for a ruling to have preclusive effect, it must be necessary to the decision. … *United States v. Crawley*, 837 F.2d 291 (7th Cir. 1988), defines dicta as that portion of an opinion not entitled to the full weight usually given judicial decisions, including any portion not necessary to the outcome of the case. The portion of *Cassidy I* which concerned the dischargeability of the debt was, unfortunately, dicta.

[Internal citations omitted.]

After *Cassidy II*, other courts in this circuit have considered the interpretation of § 523(a)(7)(A) and (B) to be an "open issue," not controlled by *Cassidy I*, and have looked "to other jurisdictions for guidance". *Roberts v. United States (In re Roberts)*, 129 B.R. 171, 172-73 (C.D. Ill. 1991) ("*Illinois Roberts*"). See also *Torres v. Illinois Dep't of Revenue (In re Torres)*, 143 B.R. 183, 188-89 (Bankr. N.D. Ill. 1992); and *Carlen v. Dep't of the Treasury Internal Revenue Serv. (In re Carlen)*, 1991 WL 424977 at *27 (Bankr. N.D. Ind. 1991).

The Court agrees – it is bound by *Cassidy II*'s determination that *Cassidy I*'s "ruling" is dicta, and therefore *Cassidy I* has no preclusive impact. Accordingly, the Court will start its analysis with the plain language of § 523(a)(7)(A) and (B). *In re Crane*, 742 F.3d 702, 708 (7th Cir. 2013) ("We begin with the language of the statute. When the language of the statute is plain, we enforce it according to its terms.").

Section 523 provides:
(a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty –
(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

> > (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition; ….

The IRS argues that there are two ways to read § 523(a)(7) – (1) "a tax penalty is discharged if it meets *either* (A) or (B)" which is the majority view (Motion, p. 6); and (2) § 523(a)(7)(A) addresses penalties relating to a tax and § 523(a)(7)(B) addresses penalties that do not relate to a tax, also called free-standing penalties (Motion, p. 7) – and therefore the Court must look to the legislative history in its analysis, which the IRS argues supports alternative (2) (Motion, p. 9). In so doing, the IRS argues that *Cassidy I*'s ruling, dicta or not, was correct. (Motion, pp. 6, 11, 12 and 13.)

The IRS is right that § 523(a)(7)(B) could be applied to a free-standing penalty if a transaction or event that gave rise to the imposition of such a penalty occurred more than three years preceding the petition date, but the crux of the IRS' argument in favor of alternative (2) is that § 523(a)(7)(B) can be applied to *only* free-standing penalties. Fatal to that argument is the fact that the plain language of § 523(a)(7)(B) is not so limiting. Understanding that multiple types of penalties could fall under § 523(a)(7)(B) does not create ambiguity in the statute. Rather, it recognizes that Congress used broad language such that free-standing penalties and other types of penalties could be dischargeable pursuant to § 523(a)(7)(B).

Because the Court does not conclude that § 523(a)(7) is ambiguous, the Court will not resort to an analysis of the legislative history. The Court joins a number of other courts in relying on the "plain language" of § 523(a)(7)(A) and (B). *See Roberts v. United States (In re Roberts)*, 906 F.2d 1440, 1445 (10th Cir. 1990) ("[b]ecause the statutory language is clear and unambiguous and does not compel an irrational result, it is not necessary to refer to the legislative history to interpret its meaning"); *Burns v. United States (In re Burns)*, 887 F.2d 1541, 1544 (11th Cir. 1989) ("[w]e must therefore look to the language of section 523(a)(7) itself, and where, as here, that language is plain, we must enforce it according to its terms"); *McKay v. United States*, 957 F.2d 689, 694 (9th Cir. 1992) ("[w]e, like other circuits which have carefully considered this issue, have adhered to the language of the statute"); *Illinois Roberts*, 129 B.R. at 172-73; and *Torres*, 143 B.R. at 188-89.

Based on the plain language, the Court joins the majority of courts who have determined that a tax penalty is dischargeable if the penalty is described by either § 523(a)(7)(A) or § 523(a)(7)(B).

Dkt. No. 4 at 161-63.

## II. DISCUSSION

The District Court will review a bankruptcy court's factual findings for clear error, and legal conclusions and the legal significance accorded to facts *de novo*. *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir.2010); *Matter of Sheridan*, 57 F.3d 627, 633 (7th Cir.1995). The findings of fact are not at issue. The challenge here is to the conclusions of law. *De novo* review requires an independent examination without deference to the bankruptcy court's conclusions. *Regent Comm., Inc. v. Brill*, Nos. 3:09-cv-61-RLY-WGH, 3:09-cv-62-RLY-WGH, 2010 WL 3025031, at *4 (S.D. Ind. July 30, 2010) (citing *Grochocinski v. Schlossberg*, 402 B.R. 825, 834 (N.D. Ill. 2009)).

This Court is in complete agreement with the Bankruptcy Court. This issue is an open question in this Circuit by the very words of the Seventh Circuit Court of Appeals. This Court is no more persuaded to readdress that matter than Judge Carr. Further, this Court is just as persuaded by the precedent cited by Judge Carr that the statute is unambiguous and must be enforced as written; therefore, this Court adopts Judge Carr's reasoning as its own and his opinion is **AFFIRMED**. The Court will enter judgment accordingly.

IT IS SO ORDERED THIS <u>18th</u> day of November, 2016.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Julie A. Camden
CAMDEN & MERIDEW, PC
jc@camlawyers.com

Peter Sklarew
TRIAL ATTORNEY, TAX DIVISION
Peter.A.Sklarew@usdoj.gov